IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ROSS, in his capacity as an heir of Nathan Ross, Sr.<br>    *Plaintiff,*<br><br>  v.<br><br>ALLEN R. BROWN,<br>    *Defendant.* | CIVIL ACTION<br>NO. 20-3457 |

**PAPPERT, J.**                               August 19, 2021

## MEMORANDUM

Charles Ross contends Allen Brown owes unpaid rent and breached other obligations under a lease for a house at 14th Street and Cheeseman Avenue in Monrovia, Liberia. The lease must "be construed and enforced in accordance with the laws of the Republic of Liberia." (ECF 6-2 at ¶ 19; *see also* Compl., ECF 1.) The Court previously denied Brown's motion to dismiss Ross's Complaint for lack of personal jurisdiction but ordered Ross to show cause why his claim should not be dismissed on forum non conveniens grounds. (ECF 9.) Because a balancing of private and public interest factors weighs in favor of resolving this dispute in Liberia, the Court dismisses Ross's Complaint.

I

A federal district court has discretion to dismiss a case on the ground of forum non conveniens when there is an alternative forum with jurisdiction to hear the claims and a trial in the chosen forum would be disproportionately oppressive and vexatious to a defendant when balanced against the plaintiff's convenience or "the court's own

administrative and legal problems" make the chosen forum inappropriate. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007). Four factors guide the Court's discretion: "(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and plaintiffs' claims are cognizable; (3) relevant 'private interest' factors affecting the convenience of the litigants; and (4) relevant 'public interest' factors affecting the convenience of the forum." *Kisano Trade & Inv. Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013).

Ross resides in and is a citizen of the District of Columbia. (Compl., ECF 1, at ¶ 1.) He alleges Nathan Ross, Sr.'s heirs, as landlord, entered into a lease with Brown, as tenant. (*Id.* at ¶¶ 1, 4.) When they did, they explicitly agreed Liberian law would govern – although Ross's Complaint omits this detail. (ECF 6-2 at ¶ 19.) He contends Brown defaulted on the lease and, as of February 25, 2020, owed $114,000 in unpaid rent and $5,700 in late charges. (ECF 1, at ¶¶ 8, 11.) Ross concedes this case could have been brought in Liberia, but argues he chose this forum, "in part, out of convenience to" Brown. (ECF 10 at 2.) Brown is a Pennsylvania "resident and citizen" (ECF 1, at ¶ 2), although he has allegedly "failed to quit the Property" in Liberia. (*Id.* ¶ 10.) In Brown's brief reply to Ross's response to the Court's Order to Show Cause, he argues in favor of forum non conveniens dismissal because the dispute pertains to a lease for Liberian real property that requires application of Liberian law. (ECF 11.)

Given that neither Ross nor Brown are Liberian residents, their private interests do not point to a resolution there. This Court is obviously more convenient to both. Nevertheless, consideration of the public interests establishes Liberia as the more

appropriate forum.  *See Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180-82 (3d Cir. 1991) (explaining the balancing exercise is "essentially qualitative[,] not quantitative").  Ross's Complaint does not raise a local dispute.  His breach of contract claim pertains to Brown's alleged failure to quit the premises upon the expiration of his lease of a Liberian house, something which happened in Monrovia, not here.  The only contact this case has with this District is Brown's alleged residence.  In the absence of a local dispute, "there is little public interest in subjecting [this] community to the burdens of jury service."  *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 193 (3d Cir. 2008); *see also Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.").  Liberia has a far greater interest in resolving local landlord-tenant matters than does the Eastern District of Pennsylvania.  *See Am. Dredging*, 510 U.S. at 448 ("There is a local interest in having localized controversies decided at home.").

   Moreover, by the agreed-upon terms of the lease, Liberian law governs the dispute (ECF 6-2, ¶ 19) and the parties could not have reasonably expected an American court would decide it.  Before the Court can decide whether Brown is in breach, Ross's claim requires the Court to consider whether Liberian law even authorizes him to enforce the lease.  (ECF 10 at 4-5.)  Charles Ross is not the lessee.  Instead, the lease is an agreement between Allen R. Brown and "the heirs of the late Nathan Ross Sr[.], represented by their representative Nathan Ross Jr."  (ECF 6-2 at ECF p. 2.)  Brown argues Ross "is the wrong party to assert a claim against" him because he has not sufficiently alleged facts to show his "authority to bring a claim on behalf of alleged-third-party beneficiaries . . . ."  (ECF 4 at 10.)  Ross counters that he

has "a signed and notarized letter from Nathan Ross, Jr., authorizing him to act on behalf of the heirs . . . ."  (ECF 10 at 4, *citing* ECF 10-2.)  He contends he has brought this action "as an agent for his siblings" and that the letter from Nathan Ross, Jr., coupled with his allegation that he has the other heirs' consent to bring this action is enough to establish his authority to proceed under Liberian law.  (ECF 10 at 5.)

Notwithstanding Ross's assertion that there are similarities between Liberian and American law, "at least with respect to breach of contract and contractual remedies," (ECF 10 at 2-4), the Court is not familiar with the laws of Liberia including the specific law required to adjudicate Ross's claim.  While Federal Rule of Civil Procedure 44.1 "provides courts with broad authority to conduct their own independent research to determine foreign law," it "imposes no duty upon them to do so."  *Bel-Ray Co., Inc. v. Chemrite Ltd.*, 181 F.3d 435, 440 (3d Cir. 1999).  Forum non conveniens "is designed in part to help courts avoid conducting complex exercises in comparative law."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 283, 251 (1981).  "[T[he public interest factors point towards dismissal where the court would be required to 'untangle problems in conflict of laws, and in law foreign to itself."  *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)).  While the need to apply foreign law does not require dismissal in every case, *id.* at 260 n.29 (citing cases), in this case, it is enough to tip the balance in favor of forum non conveniens dismissal.  *See Kisano Trade & Inv. Ltd. v. Lemster*, No. 11-852, 2013 WL 594017, at *9 (W.D. Pa. Feb. 15, 2013) ("The public factors do not have to weigh heavily in favor of dismissal; rather, the "balance" of private and public factors is what matters.") (citation omitted), aff'd, 737 F.3d 869 (3d Cir. 2013).

Ross's Complaint is dismissed without prejudice.

4

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.
